Nov. Term, 1834.

MITCHELL v. PORTER.

---

## MITCHELL and Others v. PORTER.

In debt on a penal bond conditioned for the performance of covenants, the final judgment for the plaintiff is for the debt, that is, the penalty of the bond, and for the costs; and execution is awarded for the damages assessed. The execution—following the judgment—is for the debt (penalty) and costs; but is endorsed to levy the amount of damages assessed, together with the costs of suit.

APPEAL from the *Harrison* Circuit Court.

BLACKFORD, J.—*Porter* brought an action of debt against *Mitchell* and others, on a bond in the penalty of 150 dollars. The condition of the bond, as appears by the declaration, was for the delivery of certain property upon which an execution had been levied. The breach assigned is the non-delivery of the property according to the condition of the bond. There was a demurrer to the declaration, and judgment for the plaintiff below.

Friday, December 12.

The jury impanelled to inquire of the breaches, found that the defendants were guilty of the breach assigned, and that the

plaintiff had thereby sustained damages, besides his costs, to the amount of 88 dollars and 21 cents. The judgment is as follows:—"Therefore it is considered, that the plaintiff do recover against the defendants his said debt, and also 88 dollars and 21 cents for his damages, which he hath sustained as well on occasion of detaining the said debt, as for his costs and charges by him about his suit in this behalf expended, by the Court here adjudged to the plaintiff, and with his assent. And it is also considered by the Court here, that the plaintiff have execution against the defendants of the damages to 88 dollars and 21 cents, by the said jury in form aforesaid assessed on occasion of the aforesaid breach of the said condition of the said writing obligatory, according to the form of the statute in such case made and provided. And the defendant in mercy," &c.

There is no substantial objection to the declaration, nor to the form of the verdict, in this case. There is an error, however, in the entry of the final judgment. The mistake is in the rendition of a judgment not only for the debt, but also for the damages assessed by the jury. The form of the judgment in the *English* books is, that the plaintiff recover his said debt, (which is the penalty of the bond,) with *nominal* damages, (usually 1 shilling,) and the costs of suit. The damages assessed by the jury, are not noticed in the judgment. That form would not be objectionable here. The judgment for *nominal* damages is, however, unnecessary. The judgment, in these cases, may be for the debt, that is, the penalty, and for the costs of suit. Execution may be awarded for the damages assessed. The execution, it is true, must follow the judgment, and be for the debt (penalty) and the costs; but it must be endorsed to levy the amount of the damages assessed by the jury on account of the breaches assigned, together with the costs of the suit. See *Clark* v. *Goodwin*, *July* term, 1820.—*Glidewell* v. *M'Gaughey*, *November* term, 1830.—*Morris* v. *Price*, *November* term, 1831.

*Per Curiam.*—The judgment is reversed, and the cause remanded, &c.

*H. P. Thornton*, for the appellants.

*J. H. Thompson*, for the appellee.